

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILSON
ATTORNEY GENERAL

April 19, 1939

Hon. D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. 0-607
Re: Use of farm registration license
and registration of a truck used
only for power purposes.

Your request for an opinion as to whether the owner
of livestock transported to various places for breeding pur-
poses is entitled to use a farm license on the truck used in
such instances has been received by this department.

Article 6675a-6a provides in part as follows:

"When a commercial motor vehicle sought to
be registered and used by the owner thereof only
in the transportation of his own poultry, dairy,
livestock, and farm products to market, or to
other points for sale or for sale or processing,
or the transportation by the owner thereof of
laborers from their place of residence, and mater-
ials, tools, equipment and supplies, without
charge, from the place of purchase or storage, to
his own farm or ranch, exclusively for his own use
or use on such farm the registration license fee,
for the weight classifications herein mentioned,
shall be fifty per cent (50%) of the registration
fee prescribed for weight classifications in Sec-
tion 6, (Art. 6675a-6), of the Act hereby amended."

In drafting the above statute the Legislature, obvi-
ously could not set forth all the many fact situations which
might arise that would entitle the owner of said vehicle to
the exemption prescribed in this article. We believe that it
was the intention of the Legislature to help the farmer by
lessening the burden of operating an automobile or other vehicle
when it was used solely to supplement other earnings of and
from the farm. We think that they intended that the truck
might be used for such purposes as were necessary or inciden-
tal to the operation of said farm and the raising or breeding
of livestock is certainly a purpose incidental and probably

necessary to the successful operation and maintenance of a farm.

Based upon our opinion of the intention of the Legislature in passing this statute, we are unwilling to say that the farmer who owns livestock used for breeding purposes and without additional charge conveys such livestock to the places of breeding is not entitled to operate the vehicle used in transportation of these animals under a farm license or permit. We desire to qualify this statement by saying that the use of the farm truck for hauling such livestock must be an occasional use for that purpose. In our opinion a truck used to any great extent for that purpose is not such a truck or use as was intended by the Legislature to be exempt from commercial registration.

As to your question, if the operator of a truck used only for power in the drilling of wells, but moved from places of operation under its own power must be registered. As the facts relate in your letter this truck is used upon the public highways of this state, and if that be true we find nothing in the statutes that would exempt the owner or operator thereof from having a license upon this truck. You are, therefore, advised that under our statutes if the truck is used on the public highways of this state, it must be registered.

It is the opinion of this department that the farmer may transport his livestock in a truck operated with a farm license to the places of breeding if the truck is otherwise used only for farm purposes. You are also advised that the truck used for power in drilling wells if it is also used on the public highways of this state, must be registered as is provided by the law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

MH:omb:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By s/Morris Hodges
    Morris Hodges
    Assistant